IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|                              |   |                        |
| UNITED STATES OF AMERICA,    | ) |                        |
|                              | ) |                        |
|         Plaintiff,           | ) |                        |
|                              | ) |                        |
| vs.                          | ) | Cv. No. 02-02565       |
|                              | ) | Cr. No. 99-20056       |
| ANTHONY JOHNSON,             | ) |                        |
|                              | ) |                        |
|         Defendant.           | ) |                        |
|                              | ) |                        |

_____

ORDER DENYING MOTION TO AMEND PENDING
MOTION UNDER 28 U.S.C. § 2255
ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

_____

Defendant Anthony Johnson, Bureau of Prisons registration number 17245-076, an inmate at the Federal Correctional Institution in Oakdale, Louisiana, has filed a pro se motion under 28 U.S.C. § 2255 seeking to set aside his sentence for two counts of violating 18 U.S.C. §§ 1343 and 2.

I.   BACKGROUND

On February 24, 1999, a federal grand jury in the Western District of Tennessee returned a sixteen-count indictment charging Johnson, and numerous codefendants, with one count of conspiracy under 18 U.S.C. § 371, ten counts of wire fraud under 18 U.S.C. § 1343, five counts of mail fraud under 18 U.S.C. § 1341, and

1

fourteen counts of aiding and abetting an offense against the United States under 18 U.S.C. § 2.

On May 26, 2000, Johnson entered a guilty plea to counts two and three of the indictment, each encompassing one charge of wire fraud and aiding and abetting. Pursuant to the plea agreement, the United States dismissed all remaining counts of the indictment.

On August 3, 2000, United States District Judge Bernice Bouie Donald sentenced Johnson to seventy-two months imprisonment for each count to which he had pled guilty, with the terms to be served concurrently. Johnson was also sentenced to three years of supervised release, charged with a two hundred dollar ($200.00) special assessment, and ordered to pay mandatory restitution totaling one hundred fifty-eight thousand eight hundred nine dollars and nineteen cents ($158,809.19). The Court entered its judgment on August 28, 2000.

Johnson timely appealed his sentence. Johnson's counsel submitted a "no merit" brief, pursuant to Anders v. California, 386 U.S. 738 (1967), raising five arguable issues on appeal that he conceded lacked merit. United States v. Johnson, 24 Fed.Appx. 417 (6th Cir. 2001). Johnson did not respond to counsel's Anders brief or motion to withdraw from his appeal. The Sixth Circuit held that all of Johnson's grounds for appeal lacked merit and, therefore, granted counsel's motion to withdraw and affirmed the district

court's sentence.  <u>Id</u>. at 420.[1]

On July 18, 2002, Johnson filed this § 2255 motion, <u>pro</u> <u>se</u>. In his motion, the defendant argues that his counsel was ineffective:

> A.   in failing to object to alleged "double counting" of criminal conduct in calculating his sentence ;
>
> B.   in failing to object to a sentence beyond the statutory maximum available for the counts to which he pled guilty;
>
> C.   in failing to object to the two-level sentencing enhancement imposed upon him for obstruction of justice;
>
> D.   in failing to persuade the Court to grant him a two-level reduction for acceptance of responsibility;
>
> E.   in failing to object to alleged abuse of the Court's discretion in imposing mandatory restitution;
>
> F.   in failing to object to the eight-level specific offense characteristic enhancement, rather than the six-level enhancement to which he alleges he is entitled; and
>
> G.   in filing an <u>Anders</u> brief and seeking withdrawal from his appeal, rather than positing all of the above and any other meritorious issues on appeal.

---

[1]   As discussed later in this order, the appellate court cited what appeared to be a "clerical mistake" in the district court's written judgment and noted that the district court could correct the mistake, without disturbing the validity of the judgment, pursuant to Fed R. Crim. P. 36.

## II.  MOTION TO AMEND

On May 23, 2005, Johnson filed a motion to amend his pending § 2255 motion, seeking to supplement his argument that his sentence was unconstitutionally enhanced beyond the statutory maximum with the recent Supreme Court decision in U.S. v. Booker, 125 S. Ct. 738 (2005).  Petitioner's argument is without merit because his sentence was not enhanced beyond the statutory maximum punishment available for the counts to which he pled guilty.  See infra, pgs. 10-15.  Further, to the extent that Johnson wishes to bolster his existing claim that counsel was ineffective for failing to object to a sentence allegedly beyond the statutory maximum available for his conduct, Booker is not to be applied retroactively to cases on collateral review, id. at 769, and, therefore, Petitioner may not avail himself of any change in federal sentencing law flowing from that decision.  Thus, amendment to Petitioner's § 2255 motion on the grounds detailed above would be futile.

Petitioner also seeks to amend his pending § 2255 motion with the additional claim that his plea bargain was not entered knowingly and voluntarily.  This claim was not presented in Petitioner's original § 2255 motion.  Johnson's conviction became final on March 6, 2002, the date marking the expiration of the ninety-day period during which he could have filed a petition for a writ of certiorari with the Supreme Court to review the Sixth Circuit's disposition of his appeal.  See Clay v. U.S., 537 U.S.

522, 525 (2003).   Therefore, the deadline for Johnson to file a §
2255 motion was March 6, 2003.   Although a motion to amend a § 2255
motion relates back to the date the original motion is filed, for
purposes of the one-year statute of limitations applicable to §
2255 motions, the Petitioner may amend the original motion only to
supplement or clarify claims timely presented in the original
motion.   Anderson v. U.S., 39 Fed.Appx. 132, 136 (6th Cir. 2002).
Where the petitioner seeks to add new claims by way of amending the
pending § 2255 motion, the motion to amend may not relate back to
the original motion and is subject to the one-year time limitation
imposed by § 2255.   Therefore, because Johnson's argument that he
entered the plea agreement involuntarily was first submitted to the
Court on May 23, 2005, that claim is barred by the statute of
limitation and may not be submitted to the Court through an
amendment to Petitioner's original § 2255 motion.   Oleson v. U.S.,
27 Fed.Appx. 566, 570-71 (6th Cir. 2001).   For all the reasons
discussed above, Petitioner's motion to alter or amend his pending
§ 2255 motion is DENIED.

**III.   ANALYSIS OF CLAIMS IN ORIGINAL MOTION**

A claim that ineffective assistance of counsel has deprived a
defendant of his Sixth Amendment right to counsel is controlled by
the standards enunciated in Strickland v. Washington, 466 U.S. 668,
687 (1984):

> A convicted defendant's claim that counsel's
> assistance was so defective as to require reversal of a

5

> conviction or death sentence has two components.  First,
> the defendant must show that counsel's performance was
> deficient.   This requires showing that counsel made
> errors so serious that counsel was not functioning as the
> "counsel" guaranteed the defendant by the Sixth
> Amendment.  Second, the deficient performance prejudiced
> the defense.  This requires showing that counsel's errors
> were so serious as to deprive the defendant of a fair
> trial, a trial whose result is reliable.   Unless a
> defendant makes both showings, it cannot be said that the
> conviction or death sentence resulted from a breakdown in
> the adversary process that renders the result unreliable.

Although <u>Strickland</u> involved a habeas petitioner's attack on his state-court conviction and death sentence, the test for ineffectiveness articulated by the Court also applies in collateral attacks on noncapital sentences.  <u>See</u> <u>Glover v. United States</u>, 531 U.S. 198, 202-03 (2001)(reversing Seventh Circuit's determination that counsel's error, resulting in a sentence of an additional six to twenty-one months of prison, failed to satisfy the prejudice prong of <u>Strickland</u>); <u>Arredondo v. United States</u>, 178 F.3d 778, 783 (6th Cir. 1999)(explaining, prior to <u>Glover</u>, that "[a]lthough the Supreme Court has never expressly extended the *Strickland* standard to noncapital sentencing, we have applied it in that context.").

To demonstrate deficient performance by counsel, a defendant must demonstrate that "counsel's representation fell below an objective standard of reasonableness."  <u>Strickland</u>, 466 U.S. at 688.

> Judicial scrutiny of counsel's performance must be
> highly deferential.   It is all too tempting for a
> defendant to second-guess counsel's assistance after
> conviction or adverse sentence, and it is all too easy
> for a court, examining counsel's defense after it has

6

proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

Id. at 689. (citation omitted); see also Coe v. Bell, 161 F.3d 320, 342 (6th Cir. 1999)("The specifics of what Coe claims an effective lawyer would have done for him are too voluminous to detail here. They also largely miss the point: just as (or more) important as what the lawyer missed is what he did not miss. That is, we focus on the adequacy or inadequacy of counsel's actual performance, not counsel's ( hindsight) potential for improvement."); Adams v. Jago, 703 F.2d 978, 981 ( 6th Cir. 1983) ("a defendant 'has not been denied effective assistance by erroneous tactical decisions if, at the time, the decisions would have seemed reasonable to the competent trial attorney'") (citations omitted).

A prisoner attacking his conviction bears the burden of establishing that he suffered some prejudice from his attorney's ineffectiveness. Lewis v. Alexander, 11 F.3d 1349, 1352 (6th Cir. 1993); Isabel v. United States, 980 F.2d 60, 64 (1st Cir. 1992). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the

defendant."  <u>Strickland</u>, 466 U.S. at 697. If a reviewing court
finds a lack of prejudice, it need not determine whether, in fact,
counsel's performance was deficient.  <u>Id</u>. at 697.

        To demonstrate prejudice, a prisoner must establish "a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different."
<u>Id</u>. at 694. "A reasonable probability is a probability sufficient
to undermine confidence in the outcome."  <u>Id</u>.  Additionally,
however, in analyzing prejudice,

> the right to the effective assistance of counsel is
> recognized not for its own sake, but because of the
> effect it has on the ability of the accused to receive a
> fair trial.  Absent some effect of the challenged conduct
> on the reliability of the trial process, the Sixth
> Amendment guarantee is generally not implicated.

<u>Lockhart v. Fretwell</u>, 506 U.S. 364, 368 (1993) (citing <u>United
States v. Cronic</u>, 466 U.S. 648, 658 (1984)); <u>see also</u> <u>Strickland</u>,
466 U.S. at 686 ("The benchmark for judging any claim of
ineffectiveness must be whether counsel's conduct so undermined the
proper functioning of the adversarial process that the trial cannot
be relied on as having produced a just result."). "Thus analysis
focusing solely on mere outcome determination, without attention to
whether the result of the proceeding was fundamentally unfair or
unreliable, is defective." <u>Lockhart</u>, 506 U.S. at 369. However, as
noted above, the Supreme Court has refused to require a
"significant increase in a term of imprisonment" attributable to

the deficient performance of counsel in order to satisfy the prejudice prong of the Strickland test. Glover, 531 U.S. at 203-04 ("Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance."). This framework is the basis for analyzing each of Johnson's claims of ineffectiveness of counsel.

**A. Failure to Object to Double Counting**

Johnson claims that he suffered ineffective assistance of counsel in violation of the Sixth Amendment because of his counsel's failure to object to alleged "double counting" of the same criminal conduct in enhancing his sentence under two different provisions of the federal sentencing guidelines. Johnson's pre-sentence report ("PSR") recommended that Johnson's offense level be enhanced two levels for more than minimal planning,[2] and four levels for his role as an organizer or leader of the offense(s).[3]

Johnson cites U.S. v. Romano, 970 F.2d 164 (6th Cir. 1992), in support of his claim that enhancing his offense level under both provisions constituted impermissible double counting of the same criminal conduct. In Romano, the Sixth Circuit adopted a presumption against applying cumulative sentencing enhancements for the same conduct absent legislative intent. Id. at 167. The court specifically disapproved of enhancing a sentence under both the

---

[2]    U.S. Sentencing Guidelines Manual § 2F1.1(b)(2)(1998).

[3]    § 3B1.1(a).

more than minimal planning and organizer or leader provisions of the guidelines relied upon in enhancing Johnson's offense level. After Romano, the sentencing guidelines were revised to address this sentencing enhancement issue. The guidelines were amended as follows: "[a]bsent an instruction to the contrary, the adjustments from different guideline sections are applied cumulatively (added together). For example, the adjustments from § 2F1.1(b)(2)(more than minimal planning) and § 3B1.1 (aggravating role) are applied cumulatively." U.S. Sentencing Guidelines Manual § 1B1.1, application n.4 (1998); see also U.S. v. Cobleigh, 75 F.3d 242, 251 (6th Cir. 1996)(recognizing abrogation of Romano by amendment to sentencing guidelines). This provision remained in effect throughout Johnson's criminal conduct and his sentencing, and it, therefore, forecloses his argument that he suffered ineffective assistance of counsel because of his counsel's failure to object to alleged double counting in enhancing his offense level.

Because this claim is clearly without merit, Johnson has failed to show that counsel performed deficiently in failing to object to any alleged double counting.

**B. Failure to Object to Sentence Beyond the Statutory Maximum**

Johnson claims that he has suffered ineffective assistance of counsel because of his counsel's failure to object to his sentence of six years imprisonment, a term which he contends is beyond the statutory maximum applicable to the crimes to which he pled guilty.

10

In pleading guilty to counts two and three of the indictment, Johnson pled guilty to two counts of wire fraud, under 18 U.S.C. § 1343, and two counts of aiding and abetting under 18 U.S.C. § 2. The statutory maximum penalty under the wire fraud statute at the time of Johnson's sentencing was five years for each offense.   18 U.S.C. § 1343 (1994)(underline amended 2002).   Thus, Johnson claims, his sentence of two six-year terms of incarceration to be served concurrently exceeds the five-year statutory maximum for each offense.

Johnson's sentence to seventy-two months of incarceration is well below the one-hundred-twenty month statutory maximum sentence to which he was exposed, given two counts under the wire fraud statute, and is within the sentencing range then mandated by the Sentencing Guidelines.  Johnson's base offense level was determined to be twenty-two, and his criminal history was assessed at level IV.   Thus, the applicable sentencing guideline range called for incarceration from sixty-three to seventy-eight months.   At Johnson's sentencing the Court explained how his sentencing calculation was arrived at and sentenced accordingly:

> THE COURT: Mr. Johnson, the Court has already stated that your Offense Level in this case is 22, your criminal history category is 4 which puts you in the guideline range of 63 to 78 months in this case.  The Court is bound to sentence you.
> As the Government has said, this is a very serious offense.  The maximum guideline range in this case, of course is 78 months which is six and a half years.
> The Court is going to impose a custody sentence in this case of six years or 72 months. . . . *The 72 month*

> *sentence will be on each count, to be served*
> *concurrently*, three years supervised release.

Transcript, <u>U.S. v. Johnson</u>, No. 99cr-20056, dkt. no. 197 at 16

(Aug. 3, 2001)(emphasis added)("Sentencing Trans."). However, in

the Court's written judgment, issued on August 25, 2001, the term

of imprisonment was stated differently:

> The defendant is hereby committed to the custody of
> the United States Bureau of Prisons to be imprisoned for
> a term of **72 Months**.
>
> Term of sixty (60) months imposed under Count 2 of the
> Indictment and term of twelve (12) months imposed under
> Count 3 of the Indictment to run consecutively with each
> other for a total term of seventy-two (72) months.

Judgment in a Criminal Case, <u>U.S. v. Johnson</u>, No. 99cr-20056, dkt.

no. 171 (August 25, 2001)(emphasis in original). Therefore,

although the term of incarceration was consistent, a discrepancy as

to the sentence for each count and whether the sentences were to be

served concurrently or consecutively existed between the Court's

announced sentence and the written judgment.

On appeal, counsel's <u>Anders</u> brief raised the issue of the

discrepant sentences, and the Sixth Circuit, apparently without

considering which sentence was correct as a matter of law, held

that an oral sentence controls where it differs from the written

judgment. <u>U.S. v. Johnson</u>, 24 Fed.Appx. 417, 419-420 (6th Cir.

2001). Thus, the appellate court characterized the discrepancy in

the written judgment as a "clerical mistake" and noted that the

district court may simply correct the mistake pursuant to Fed. R.

Crim. P. 36.  Id. at 420.  Accordingly, on January 7, 2002, the district court entered an amended judgment sentencing Johnson to seventy-two months imprisonment for both wire fraud counts to which he pled guilty, with the terms to be served concurrently, thus harmonizing the written judgment with the sentenced announced in court.  See Amended Judgment in a Criminal Case, U.S. v. Johnson, No. 99cr-20056, dkt. no. 216 (Jan. 7, 2002).

Citing Apprendi v. New Jersey, 530 U.S. 466 (2000), Johnson argues that his sentence is unconstitutional because the Fifth and Sixth Amendments require that facts which enhance a sentence beyond the statutory maximum must be charged in an indictment and proven to a jury beyond a reasonable doubt.  In Apprendi, the Supreme Court held that it was unconstitutional to "enhance" Apprendi's sentence for a firearm violation beyond the statutory maximum punishment available because the sentencing judge determined, under New Jersey's hate crime statute, that Apprendi acted with racial animus.  Id. at 490.  The Court reasoned that the state's denomination of the racial animus enhancement as a  sentencing factor rather than an element of the offense would not control its analysis.  Rather, the Court held, if the enhancement has the effect of increasing the penalty beyond the statutory maximum available for the offense, the enhancing factor must be submitted

and proven beyond a reasonable doubt to a jury.   <u>Id</u>.[4]

Johnson's <u>Apprendi</u> argument is misplaced in this context. Although it is unquestionable that a sentence of seventy-two months of incarceration for a violation of the federal wire fraud statute exceeds the statutory maximum punishment then available under the statute, such a sentence does not exceed the statutory maximum for two counts of violating the statute.   The error of which Johnson complains stems not from a violation of the rule announced in <u>Apprendi</u>, but from the confusion that flowed from the original discrepancy between the district court's announced sentence and its first written judgment.   The sentencing guidelines applicable at the time of Johnson's sentencing make clear how a judge presiding over a multi-count sentencing should proceed when the applicable guideline range exceeds the statutory maximum punishment under one of the counts:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.   In all other respects sentences on all counts shall run concurrently, except to the extent otherwise required by law.

---

[4]   As discussed above, <u>supra</u> p. 4, the cases which constitute the Supreme Court's <u>Apprendi</u> jurisprudence have culminated in recent decisions which have fundamentally altered the federal sentencing landscape.   <u>See</u> <u>U.S. v. Booker</u>, 125 S. Ct. 738 (2005).   However, <u>Booker</u> is not to be applied retroactively to cases on collateral review, <u>id</u>. at 769, and, therefore, the recent developments in federal sentencing law are not relevant to the disposition of this § 2255 motion.

U.S. Sentencing Guidelines Manual § 5G1.2(d)(1998). This is precisely the effect of the first written judgment issued by the Court after Johnson's sentencing. Only after the Sixth Circuit characterized that sentence as a "clerical mistake" did the Court issue an amended judgment which imposed separate seventy-two month sentences to be served concurrently. Apprendi is not applicable where, as here, the defendant is sentenced within the statutory maximum sentence to which he is exposed. See U.S. v. Lafayette, 337 F.3d 1043, 1049-1050 (D.C. Cir. 2003). Thus, although there was error in the court's description of Johnson's sentence in the amended criminal judgment, that error is clearly a matter of how the sentence was characterized and has not prejudiced Johnson in any fashion because he was actually sentenced within both the applicable sentencing guideline and the statutory maximum available for two counts of wire fraud. Because Johnson has failed to establish either a constitutional violation or prejudice due to any sentencing error, he has not suffered ineffective assistance of counsel because of his counsel's failure to object to the length of his sentence.

**C. Failure to Object to Obstruction of Justice Enhancement**

Johnson claims that he has suffered ineffective assistance of counsel because of his counsel's failure to object to the Court's enhancing his offense level computation by two levels for obstruction of justice. Though Johnson's PSR did not recommend

15

enhancement for literal obstruction of justice, the PSR did recommend enhancement of Johnson's offense level by two points for reckless endangerment during flight.[5]

Johnson's counsel initially objected to the obstruction enhancement for reckless endangerment during flight. However, those objections were dropped in exchange for the government's promise not to seek an additional obstruction enhancement or to seek a separate indictment for Johnson's post-indictment conduct, including alleged perjury and witness tampering. See Sentencing Trans. at 10. Therefore, Johnson's counsel acquiesced in the PSR's enhancement in exchange for the valuable concession that the government would refrain from seeking enhanced punishment for conduct not considered in the PSR. This decision of counsel cannot be characterized as ineffective assistance; if anything, counsel benefitted Johnson substantially by inducing the government to forego additional criminal charges or sentencing enhancements for obstruction of justice. Johnson has failed to establish constitutionally ineffective assistance because of counsel's

---

[5] U.S. Sentencing Guidelines Manual § 3C1.2 (1998). Section 3C1.2 reads as follows:
> If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels.

Id. The application notes to this provision provide for enhancement for the defendant's "own conduct and for conduct that the aided and abetted, counseled, commanded, induced, procured, or willfully caused." Id. at app. n. 5.

decision to withdraw the objection to the two-level enhancement for reckless endangerment during flight.

### D. Failure to Persuade the Court to Grant a Two-Level Reduction for Acceptance of Responsibility

In his § 2255 motion, Johnson does not state this claim for relief in terms of ineffective assistance of counsel.  Rather, he claims that his sentence should be vacated because of the sentencing court's error in denying him a reduction for acceptance of responsibility.  However, as the Sixth Circuit held in Johnson's appeal, because Johnson withdrew his objections to the PSR, the court was entitled to accept all factual allegations in the report as true.  Therefore, Johnson has waived any objection to the PSR on both appeal and collateral challenge.  Johnson, 24 Fed.Appx. at 419 (citing U.S. v. Ward, 190 F.3d 483, 492 (6th Cir. 1999)).  To the extent Johnson is attacking the court's exercise of its discretion in denying credit, he is barred because of his decision to withdraw his objection to the PSR before sentencing.  Thus, the analysis must presume that Johnson intended this portion of his § 2255 motion to allege ineffective assistance of counsel in failing to object to the PSR's denial of the acceptance of responsibility credit, or in failing otherwise to persuade the court that Johnson was entitled to the credit.

Johnson asserts that he is entitled to a two-level reduction of his offense level for acceptance of responsibility pursuant to § 3E1.1 of the guidelines.  Johnson's PSR argued that he was not

17

entitled to the reduction because of his willful participation in a fraudulent scheme after he had been informed that the federal government would seek to indict him for similar fraudulent conduct. Counsel initially objected to the PSR's failure to grant credit for acceptance of responsibility. However, as discussed above, counsel withdrew his objections to the PSR in exchange for the government's promise not to seek additional punishment for conduct occurring after the indictment, including alleged perjury and witness tampering. Thus, for the reasons discussed above, counsel's performance should not be characterized as deficient because he withdrew his objection to minimize the risk of enhanced or additional punishment. Additionally, the sentencing judge's decision to grant or deny the acceptance of responsibility is entitled to "great deference on review." U.S. Sentencing Guidelines Manual § 3E1.1 app. n. 5. The sentencing judge's decision to deny the credit based on Johnson's continued participation in a criminal enterprise after he was aware that the government would seek to indict him, coupled with counsel's decision to withdraw his objection to the denial of the credit, was reasonable. Johnson has not demonstrated deficient performance by counsel for failing to persuade the sentencing court to grant him credit for acceptance of responsibility.

### E. Failure to Object to an Alleged Abuse of the Court's Discretion in Imposing Mandatory Restitution

In sentencing the defendant, the court imposed a mandatory

restitution of one hundred fifty-eight thousand, eight hundred nine dollars and nineteen cents ($158,809.19). Counsel did not formally object to the appropriateness of restitution or the amount in his objections to the PSR. To the extent that counsel did object, he argued at Johnson's sentencing that an award was impractical and that Johnson would never be able to make restitution in that amount. Sentencing Trans. at 18. On appeal, Johnson's counsel questioned "whether Johnson may be held accountable for a restitution award of $158,000 when the base offense level was calculated based on an actual loss in excess of $200,000." Johnson, 24 Fed.Appx. at 420. The Sixth Circuit declined to review the restitution order under an abuse of discretion standard because Johnson did not object to the order at sentencing. Rather, the court held that the correct standard was plain error. Finding no such error, the Sixth Circuit dismissed Johnson's appeal of the district court's order of restitution. Id.

Johnson now argues that counsel was ineffective for failing to object to an alleged abuse of the court's discretion in ordering restitution. The Sixth Circuit is among a minority of circuits that recognizes the right of a federal prisoner to attack an order of restitution through a § 2255 motion based on ineffective assistance of counsel. See Weinberger v. U.S., 268 F.3d 346, 351-352 n.1 (6th Cir. 2001). In his motion, Johnson argues that the district court abused its discretion in ordering an amount of

restitution without fully considering his financial condition and ability to satisfy the order.  Johnson asserts that the court was bound to consider those factors pursuant to the statutory duty outlined in 18 U.S.C. § 3663, the Victim and Witness Protection Act (VWPA).  Johnson is correct that the VWPA requires consideration of the defendant's ability to satisfy the order, but he overlooks the fact that he was ordered to pay mandatory restitution pursuant to the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A. The MVRA requires a court to order restitution to the victims of crimes against property, "including any offense committed by fraud or deceit." § 3663A(c)(1)(A)(ii).  This provision applies to cases of wire fraud resulting in property loss to specific and known victims.  Because Johnson undertook all or most of his criminal conduct in this fraudulent scheme after the effective date of the MVRA, April 24, 1996, there is no constitutional bar to applying the mandatory restitution statute.  See U.S. v. Schulte, 264 F.3d 656, 661-662 (6th Cir. 2001)(refusing to apply MVRA to defendant because, although his conviction for mail fraud succeeded passage of the act, his criminal conduct pre-dated the act and retroactive application of the MVRA to defendant would violate constitutional prohibition on ex post facto laws).

Under the MVRA the district court is not required to consider the defendant's ability to satisfy the restitution order because the judge is statutorily required to impose restitution based

solely on the value of the property and amount of loss sustained. 18 U.S.C. § 3663A(b); U.S. v. Allen, 51 Fed.Appx. 167, 170 (6th Cir. 2002)(unpublished).   Therefore, Johnson has failed to demonstrate prejudice because he cannot show that the district court would have altered the order for restitution had counsel objected to the amount of the order or offered evidence about his inability to pay.

Johnson also objects to the court's order of restitution for conduct detailed in counts of the indictment which were dismissed as part of his plea agreement.  However, the plea agreement clearly states that "[s]hould the court deem restitution appropriate, the court may consider losses from the counts of the conviction and the dismissed counts."  Plea Agreement, U.S. v. Johnson, No. 99cr-20056, dkt. no. 162, ¶ 6 (May 26, 2000).  Thus, Johnson has failed to demonstrate prejudice because he cannot show that, had counsel objected to the imposition of restitution for conduct detailed in the dismissed counts of the indictment, the Court would have altered its restitution order.  Accordingly, for all the reasons stated above, Johnson has failed to demonstrate any ineffective assistance of counsel because of the restitution order imposed at sentencing.

### F.   Failure to Object to the Eight-Level Specific Offense Characteristic Enhancement

Johnson objects to the specific offense characteristic enhancement of eight levels which he received, pursuant to §

2F1.1(b)(1)(I) of the guidelines, based on the amount of loss attributed to his fraudulent scheme.  Johnson alleges that the amount of loss should be $47,688.70, the amount he claims was actually lost, or $99,067.79, the amount he claims is listed on "the government's loss and victim's list report."  In relating the offense conduct for which Johnson was being sentenced, Johnson's PSR stated that the total value of fraudulent purchases attributable to that conduct was $274,346.84.  The PSR concluded that Johnson's offense level should be increased eight levels due to a loss between $200,000 and $350,000.  U.S. Sentencing Guidelines Manual § 2F1.1(b)(1)(I).  Johnson now claims he has suffered ineffective assistance of counsel because of his counsel's failure to object to the figure used in calculating his sentencing enhancement for amount of loss.

Counsel formally objected to the amount used as the basis for an enhancement of Johnson's offense level, arguing that the proper amount would be $10,190.50.  Position of Defendant With Respect to Sentencing Factors, U.S. v. Johnson, No. 99cr-20056, dkt. no. 166, ¶ 3 (July 25, 2000).  However, as discussed above, Johnson and his counsel agreed to waive all objections to the PSR in exchange for the government's promise not to seek additional enhancements or separate prosecutions for conduct not considered in the PSR, including alleged perjury and witness tampering.  Because Johnson's counsel did object to the government's calculation of the amount of

22

loss for purposes of determining Johnson's offense level, but withdrew the objection to allow Johnson to escape potential additional prosecution, Johnson may not now argue that he has suffered ineffective assistance of counsel because of counsel's failure to object to the government's calculation of loss attributable to Johnson's fraudulent conduct.

### G. Ineffective Assistance of Appellate Counsel

Johnson argues that he suffered ineffective assistance of his appellate counsel because, rather than submitting the six arguments addressed above, appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).  Johnson further argues that counsel did not meet the standards required by the Supreme Court in Anders because counsel "did not assert any arguable errors" on appeal.  Separate Memorandum of Law in Support of Petitioner's § 2255 [Motion] to Vacate or Set Aside [Sentence] Pursuant to 28 U.S.C. § 2255 at 22, U.S. v. Johnson, no. 02-2565, dkt. no. 2 (July 18, 2002).

Anders requires that, when appellate counsel wishes to withdraw from an apparently frivolous appeal, counsel must petition the court with a no-merit letter as well as a "brief referring to anything in the record that might arguably support the appeal." Id. at 744. Addressing Johnson's latter argument, the Court notes that the Sixth Circuit's opinion disposing of Johnson's appeal clearly states that five arguable issues were raised in counsel's

Anders brief.   Johnson, 24 Fed.Appx. at 419.    Thus, Johnson's contention that counsel failed to submit any arguable issues on appeal is plainly without merit.

Regarding Johnson's contention that counsel should have argued on appeal all or any of the six issues presented in this § 2255 motion, Johnson cannot demonstrate deficient performance or prejudice resulting from counsel's failure to argue any of the claims before the appellate court.   For the reasons set forth above, three of Johnson's claims in this motion, claims A (failure to object to alleged double counting), B (failure to object to a sentence beyond the statutory maximum), and E (failure to object to the court's abuse of discretion in ordering restitution), are plainly without merit, and thus would not have entitled Johnson to relief had they been argued on appeal.   The remaining three claims Johnson raises in this motion, claims C (failure to object to the obstruction of justice enhancement), D (failure to persuade the Court to grant the two-level credit for acceptance of responsibility), and F (failure to object to the eight-level enhancement based on amount of loss), are claims that were raised by Johnson's counsel in his objections to the findings of the PSR, but were waived subsequently to spare Johnson from additional prosecution.   Johnson's decision to waive those objections now precludes him from asserting ineffective assistance of appellate counsel for failing to present those objections on appeal.   See

24

<u>U.S. v. Johnson</u>, 24 Fed.Appx. 417, 419 (discussing Johnson's express waiver of objections to the PSR, and holding that "a failure to offer objections to the contents of a pre-sentence report allows the district court to accept as true all factual allegations in the report and waives any future objections on appeal or collateral challenge")(<u>citing</u> <u>U.S. v. Ward</u>, 190 F.3d 483, 492 (6th Cir. 1999)). Thus, because Johnson waived his objections to the PSR prior to sentencing, Johnson's appellate counsel was not deficient for failing to resubmit the formerly waived objections on appeal.

Johnson's attempt to recharacterize his general objections to the various findings in the PSR in terms of ineffective assistance of counsel are unavailing because they are plainly without merit or were waived due to Johnson's express waiver of those objections at his sentencing. Therefore, Johnson has failed to establish any ineffective assistance of counsel and his motion to vacate his sentence is DENIED.

## IV. APPELLATE ISSUES

Consideration must also be given to issues that may arise if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2); <u>see also</u> Fed. R. App. P. 22(b); <u>Lyons v. Ohio Adult Parole Auth.</u>, 105 F.3d 1063, 1073 (6th Cir. 1997)(district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000), the Supreme court stated that § 2253 is a codification of the standard announced in <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983), which governed the issuance of certificates of probable cause in habeas cases prior to the AEDPA.

> [P]robable cause requires something more than the absence of frivolity . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

<u>Barefoot</u>, 463 U.S. at 893 (internal quotations and citations omitted). Thus, to obtain a certificate of appealabilty, although the prisoner is not required to prove that "some jurists would grant the petition for habeas corpus," he must demonstrate that his claim of denial of a federal right is at least debatable among jurists of reason before a full consideration of the case. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003).

In this case, for the reasons discussed in the body of this order, the movant's claims are clearly without merit and he cannot

present a question of some substance about which reasonable jurists could differ.   The Court therefore DENIES a certificate of appealability.

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions.   Hereford v. United States, 117 F.3d 949, 951 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases).   Rather, to seek leave to appeal in forma pauperis in a § 2255 case, and thereby avoid the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[6] the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure.   Hereford, 117 F.3d at 952.   If the motion is denied, the prisoner may renew the motion in the appellate court.

Rule 24(a) states, in pertinent part, that:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress,

---

[6]    The fee for docketing an appeal is $250.  See Judicial Conference Schedule of Fees,   ¶ 1, Note  following  28  U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith.

For the same reasons this Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore certified, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 24th day of February, 2006.

> s/ SAMUEL H. MAYS, JR.
> UNITED STATES DISTRICT JUDGE

02-2565.Order